IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALISA BADLEY et al.,

    Plaintiffs,

vs.                                                         CIVIL NO. 01-1281 MV/LFG

CORN CONSTRUCTION,

    Defendant.

## FINDINGS OF FACT
## AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Plaintiffs Bill and Charmayne Dobbs' application for approval of a settlement relating to their minor child, Christopher Lynne Dobbs [Doc. 25]. Court approval is necessary because this lawsuit involves a minor child.[1]

Having the heard the presentations of counsel and the testimony of Charmayne Dobbs, and having considered the report and recommendation of Scott Hatcher, the Court-appointed Guardian Ad Litem, the Court finds:

1. Plaintiffs Bill and Charmayne Dobbs and their daughter Christopher Lynne Dobbs are residents of Stafford, Arizona.

---

[1] The general rule is that the court must give approval to a settlement when minor children are involved. The court "has a special obligation to see that [children] are properly represented, not only by their own representatives, but also by the court itself." Garcia v. Middle Rio Grande Conservancy Dist., 99 N.M. 802, 808, 664 P.2d 1000, 1006 (Ct. App. 1983), *overruled on other grounds by* Montoya v. AKAL Sec., Inc., 114 N.M. 354, 357, 838 P.2d 971, 974 (1992).

2. On June 21, 1998, Alisa Badley was driving her 1995 Ford van north on I-25. Christopher Lynne Dobbs, then age 12, was a passenger in the Badley vehicle and at all material times, was using her seatbelt.

3. On the same date, Defendant Corn Construction had a contract with the New Mexico State Highway and Transportation Department to conduct maintenance operations on I-25. Corn Construction was responsible for the maintenance of traffic control devices in the construction zone, including all orange barrels, placement markings and signs.

4. The driver of a second southbound car also entered the construction zone and collided with the Badley vehicle. Plaintiffs contended that Defendant Corn Construction failed to properly sign, signal and mark the construction zone, and further alleged that those failures caused or contributed to the accident. Corn Construction denied that it was negligent or that its conduct was in any way responsible for causing the accident. It alleged that an unknown third party removed construction barrels during the night before the accident and that the removal of the barrels resulted in the southbound vehicle improperly entering Badley's lane of travel.

5. While all occupants in the Badley vehicle were injured, Christopher Lynne Dobbs, who was wearing a seatbelt, received only minor cuts, abrasions and contusions. She was not ejected, nor did she strike any hard object within the vehicle compartment. She did, however, suffer bruising as a result of the impact, primarily caused by the seatbelt.

6. Christopher Lynne Dobbs was examined and X-rayed at St. Vincent's Hospital and, as indicated, her physical injuries were primarily contusions, abrasions and scratches. She did suffer emotional damages from the accident and has expressed some concern about automobile travel. She reminds her family and friends of the importance of being buckled while in a car.

7. Two weeks after the accident, Christopher Lynne Dobbs had a follow-up visit to confirm the initial diagnosis and prognosis. She appears to have fully recovered from any injury sustained in the automobile accident.

8. On May 29, 2002, the Court held a hearing on the application for approval of a settlement. Counsel for Plaintiffs and Defendants attended the hearing, as well as Charmayne Dobbs, mother of Christopher Lynne Dobbs, together with Scott Hatcher, the Court-appointed Guardian Ad Litem,

9. In full and complete settlement of the child's claims, Defendant Corn Construction paid the sum of $3,000.

10. Mr. Hatcher conducted a thorough investigation of the conditions and antecedents relating to the accident, the child's injuries and present condition, and determined that given issues of comparative fault and the fact the child suffered only minor injuries, a settlement in the proposed amount was well within the range of fair and reasonable settlements for her injuries.

11. Mr. Hatcher advised Charmayne Dobbs that the settlement funds are to be used for Christopher Lynne Dobbs' benefit. A separate trust fund, utilizing funds from other sources, has been established for Christopher Lynne Dobbs' benefit. The settlement monies obtained in this case will similarly be placed in that trust and held for Christopher Lynne Dobbs' benefit.

12. Defendant Corn Construction agreed to pay guardian ad litem fees to Mr. Hatcher for the services provided herein.

13. At the May 29 hearing, Charmayne Dobbs testified that she understood she had no obligation to settle and had a right to proceed to trial. She further understood that if the case proceeded to trial, a jury could find in excess of the settlement amount agreed to by the parties, or could award a lesser amount of no amount at all.

14. Ms. Dobbs was not under the influence of any medication, drugs, alcohol or any other substance that would impair her ability to understand. She and her husband had ample opportunity to confer with their counsel concerning this settlement. She stated that the settlement was fair and reasonable and not the product of force, duress, coercion or undue influence.

15. Ms. Dobbs testified that she understood that the settlement is final and could not be reopened even if her daughter's condition worsened. She understood that there is no opportunity to reopen the litigation to seek more money or to file new claims against Corn Construction.

16. Ms. Dobbs understood that the settlement funds belong to her daughter and can be used only for her daughter's needs.

## **Conclusions**

After consideration of the evidence, the presentations of counsel, and the Guardian Ad Litem's report and recommendation, the undersigned Magistrate Judge concludes that the Court has jurisdiction over the parties and the subject matter, and further concludes that this settlement is in the best interests of Christopher Lynne Dobbs.

## **Recommended Disposition**

Therefore, the Court recommends that the settlement be approved and that the case be dismissed with prejudice.[2]

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

---

[2] The parties were advised of their right to file objections to this report and recommendation within ten days pursuant to 28 U.S.C. § 636(b)(1). However, in order to expedite the approval of this settlement, counsel agreed at the May 29, 2002 hearing that they had no objections to the Court's findings and recommended disposition.